## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MELISSA ANN ONEY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:18-cv-00022 |
| DIVERSIFIED CONSULTANTS, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes MELISSA ANN ONEY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

**PARTIES**

4.   Plaintiff is a 44 year-old natural person residing at 1114 Chapparal Drive, Marshall, Texas, which falls within the Eastern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.    In the fall of 2017, Plaintiff began receiving calls to her cellular phone, (903) XXX-6944, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6944.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

11. Defendant has mainly used the phone numbers (682) 499-3564 and (682) 499-3542 when placing calls to Plaintiff's cellular phone, but upon belief, it may have used other numbers as well.

12.  Upon information and belief, the above referenced phone numbers ending in 3564 and 3542 are regularly utilized by Defendant during its debt collection activity.

13.  Upon answering calls from Defendant, Plaintiff has experienced a noticeable pause, lasting approximately three to five seconds in length, before a live representative begins to speak.

14.  Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon an outstanding Dish Network debt owed by Plaintiff's spouse, Johnny Oney, from whom Plaintiff is separated.

15.  Plaintiff never directly provided her cellular phone number to Defendant, as the Dish account was solely in her husband's name. In fact, prior to her separation from her husband, Plaintiff had previously attempted to make payment on the Dish Network bill (prior to it being serviced or purchased by Defendant) but was prevented from doing so by Dish because her cellular phone number was not associated with the account.

16.  Plaintiff informed Defendant that she and her husband were separated, that she was not listed on the account in any way, and demanded that Defendant cease calling.

17.  Despite Plaintiff's demands and the information provided to Defendant, Defendant continued to call Plaintiff's cellular phone until approximately January 2018.

18.  Further, even after being apprised of Plaintiff's situation, Defendant persisted in pressuring Plaintiff into making payment via her debit card.

19.  Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

20.  Plaintiff has received not less than 10 phone calls from Defendant since asking it to stop calling.

21.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for a different party, emotional distress, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1994.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

---

[2] http://www.acainternational.org/search#memberdirectory

### a.  Violations of FDCPA §1692b & c(b)

29. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

30. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt owed by Plaintiff's husband, Johnny Oney, from whom Plaintiff is separated. Plaintiff explicitly notified Defendant that she was not the individual it was looking for, that she was not responsible for the debt, and to stop calling. Defendant had more than enough information to know that the number it was calling did not belong to the underlying debtor, Johnny Oney, especially since Plaintiff is a female and had repeatedly told Defendant that she and Johnny are separated and that she was not responsible for the debt. Armed with this information, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent.

### b.  Violations of FDCPA §1692c(a)(1) and §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 10 times after she demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive.   The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

33. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### c. Violations of FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 10 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though she was not responsible for the debt. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to

contact her via an automated system when, not only did it not have consent in the first place, but was also subsequently told to stop calling.

### d.  Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff over 10 times asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with Johnny Oney, an individual with whom Plaintiff is separated. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 20 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MELISSA ANN ONEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40.  Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42.  Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause, lasting approximately three to five seconds in length, that Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls.  Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

43.  Defendant violated the TCPA by placing at least 10 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff has never had any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's cellular phone looking for Jonny Oney, with whom Plaintiff is separated. Defendant was calling Plaintiff in regards to an account with which Plaintiff is not associated. As such, Plaintiff could not have given Defendant consent to contact her cellular phone. Even if Defendant did have a legitimate business reason for initially contacting Plaintiff, which it did not, she explicitly revoked any consent by her demands that Defendant cease contact.

44.  The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MELISSA ANN ONEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees; and

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

46.   Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

48. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

49. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.   Violations of TDCA § 392.302

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

51. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 10 times after she notified it to stop calling and after having notice that Plaintiff was not the purported debtor. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. Further, the nature and volume of phone calls, including multiple calls during the same day, would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, MELISSA ANN ONEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

  b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

  c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

  d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

  e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

  f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: January 24, 2018                          Respectfully submitted,

s/ Nathan C. Volheim                              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                  Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                             Counsel for Plaintiff
Admitted in the Eastern District of Texas         Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200               2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                           Lombard, Illinois 60148
(630) 568-3056 (phone)                            (630) 581-5858 (phone)
(630) 575-8188 (fax)                              (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          thatz@sulaimanlaw.com